23 C.C.P.A.(Patents)

**In re McKEE et al.**

**Patent Appeal No. 3574.**

Court of Customs and Patent Appeals.
April 27, 1936.

Roy W. Johns, of Chicago, Ill., for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 6

to 11, inclusive, and 13, in appellants' application for a patent for an alleged invention relating to fresh meat products, and a method of producing the same.

At the time of the oral arguments in this court, the appeal, as to appealed claims 1 and 6, was dismissed by the court on motion by counsel for appellants.

Of the remaining claims, Nos. 7 and 13 are illustrative. They read:

"7. A fresh meat product having an improved light red color produced by the method of treating meat which comprises the subjecting of meat to mechanical pressure while frozen at a temperature of from 25° to 32° Fahrenheit.

"13. The method of treating meat to impart a light, bright red color thereto, which comprises freezing the meat and then subjecting the meat while frozen to mechanical pressure to develop fissures therein."

The references are: Timmis (Br.), 2,-020, December 24, 1896; Hoy, 1,129,868, March 2, 1915.

The patent to Timmis discloses the freezing of a carcass, and then smashing or breaking it up by means of "rapidly revolving arms or beaters or milling cutters," or in any other suitable way. Although the patentee made no reference to the color of his meat products, the Examiner was of opinion that his method, as does appellants', produced meat products having a bright red color. The ultimate purpose of the patentee was to reduce the entire carcass, including bones, etc., to the form of paste. The examiner, however, stated that the further processing necessary to reduce the broken pieces of the carcass to the form of paste could obviously be omitted without the exercise of the inventive faculties.

The patent to Hoy relates to meat products, and a process for producing the same. It discloses freezing the carcass and a comminution of it by means of "gang saws."

The Primary Examiner rejected all of appellants' claims on the ground that they were unpatentable over the references cited, and rejected the product claims on the further grounds that they were "drawn to the product in terms of the method" of production; that they defined a product which differed from the usual frozen meat in color only; and that a mere difference in color was not a patentable distinction.

The Board of Appeals allowed four of the method claims rejected by the Primary Examiner, of which allowed claim 3 is illustrative. It reads:

"3. The method of treating meat which consists in first freezing the meat and thereafter submitting to mechanical pressure while in a frozen condition at a temperature of from 25° to 32° Fahrenheit to impart a light red color."

Relative to the references, the Board, in its decision, said:

"The examiner cites two patents both of which treat meat in a way which might produce the desired color in accordance with the disclosure of this application but neither of these patents suggests any such result, nor is there any mention of carrying on the operations at a temperature of from 25 to 32°."

The Board further stated that, although their contribution to the art was unobvious, appellants should not be permitted to unreasonably interfere with the art cited by the Examiner. Continuing, the Board said:

" * * * Since there is no evidence, however, that it is necessary or particularly desirable to employ temperatures between 25 and 32° in either of the patents, we believe that this portion of the field may be set aside for appellants' purposes in producing their new and unobvious results.

"We do not consider, however, that any claims which do not refer to improving the color should be allowed, as the mechanical treatment might not be carried on, even at the specific temperatures, in such a manner as to produce this result. We also believe that the claims to a product limited by the method of manufacture should not be allowed in this application as it is evident that appellants' process does not leave any distinctive characteristics in the product whereby it may be definitely known that it is produced by their process."

Method claim 13 was rejected by the Board, as we understand it, for the reason that it was not limited to the employment of a range of temperature between 25° and 32° Fahrenheit, as were the allowed method claims.

It will be observed that the Board was of opinion that the product claims were not patentable, because "drawn to the product in terms of the method" of production, and, for that reason, did not produce "any distinctive characteristics in the product whereby it may be definitely known that it is produced by their process."

It is evident, we think, that the Board meant to say that meat having a bright red color, such as that produced by appellants, was old, and that appellants' contribution to the art resided in their method, rather than in the product produced thereby.

It is conceded in appellants' application, and in the brief of counsel for appellants that frozen meats having a bright red color were old in the art, such color being secured by the use of various chemicals.

Relative to the product claims, counsel for appellants, in his brief, states:

"It is obvious, therefore, that the difference between the product of this application and similarly colored products of the prior art resides in the manner of producing the product. Nor can the exact differences be clearly brought out with a proper differentiation from the prior art without limiting the product in terms of producing it.

"The appellants have given to the world a product exhibiting certain desired characteristics which formerly could be secured only by resorting to chemical adulterants. It is submitted that the appellants are entitled to protect the product aspect of their invention."

In view of the fact that it was old in the art to impart a bright red color to frozen meats by resorting to various chemicals, it is evident, we think, that, so far as color is concerned, appellants' product is old, and that their contribution to the art resides not in the product defined by the appealed claims, but rather, in view of the allowance by the Board of the method claims, of which claim 3, supra, is illustrative, in their process of producing it.

It will be observed that method claim 13 is not limited, as are the allowed claims, to any range of temperatures. We are of opinion, therefore, that that claim is not patentable over the references of record, and that, for reasons hereinbefore stated, the product claims are not patentable.

The decision of the Board of Appeals is affirmed.

Affirmed.